UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| MARILYN W. WALKER, | ) | |
| individually and on behalf of | ) | |
| all others similarly situated | ) | |
| | ) | Cause No.  5:08CV-29-R |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| | ) | |
| | ) | **CLASS ACTION COMPLAINT** |
| | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| vs. | ) | |
| | ) | |
| SPIN MASTER, LTD., and | ) | |
| SPIN MASTER, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Marilyn W. Walker, by counsel, on her own behalf and on behalf of all others similarly situated ("Plaintiff"), tender the following Class Action Complaint and Demand for Jury Trial:

**I.**

**JURISDICTION**

1. The United States District Court for the Western District of Kentucky has diversity jurisdiction over this Class Action lawsuit pursuant to 28 U.S.C. § 1332(d).

2. Upon information and belief, Spin Master, Ltd. is a corporate resident of Ontario, Canada and Spin Master, Inc. is a corporate resident of the State of Delaware. Plaintiff is a resident of the city of Murray and State of Kentucky. Pursuant to federal law, there must only be minimal diversity between the Plaintiff Class and the Defendants,

meaning that only a single member of the Plaintiff Class need be diverse from a single

Defendant. *See* 28 U.S.C. §1332(d)(2)(A).

3. Upon information and belief, the amount in controversy exceeds the value of

$5,000,000.00, exclusive of interest and costs. *See id.* at §1332(d)(6).

## II.

## <u>VENUE</u>

4. Venue in this judicial district is proper under 28 U.S.C. §1391(a)(2) because a

substantial part of the events or omissions giving rise to the claims herein described

occurred within this judicial district.

## III.

## <u>BACKGROUND</u>

5. This is a lawsuit charging Spin Master, Ltd. and Spin Master, Inc. (collectively,

"Spin Master" or "Defendants") with the illegal marketing and selling of various "Aqua

Dots' " products (e.g., "Aqua Dots Tray & Spray Pack," "Aqua Dots Starter Pack,"

"Aqua Dots Super Studio," "Aqua Dots Themed Packs," etc.) (collectively, "Aqua Dots"

or "Toys") to Plaintiff and the absent members of the class Plaintiff represents

(hereinafter referred to as "Class Members").

6. Defendants marketed, promoted, advertised, sold, distributed, and/or placed

into the stream of commerce various Aqua Dots. Aqua Dots were marketed and

advertised throughout the nation and in the state of Kentucky as being safe for children.

Moreover, Aqua Dots were sold in toy stores, department stores and specialty shops throughout the nation and the State of Kentucky.

7. Spin Master engaged in an aggressive marketing campaign specifically targeting young children. Spin Master ensured that our Nation's children and child care-givers, including those in the State of Kentucky, were inundated with marketing and promotional information regarding Aqua Dots with the intention to induce Plaintiff and Class Members to purchase the products.

8. Plaintiff and Class Members purchased these Toys believing, based upon Defendants' representations, that the product was safe for their children and grandchildren.

9. On or about November 7, 2007, Defendants issued a recall of Aqua Dots. By design, Aqua Dots were coated with a substance that causes the beads to stick to each other when water is added. However, as studies have now documented, this same substance contains a chemical that becomes highly toxic once ingested and metabolized. Children who swallow the beads can become comatose, develop respiratory depression, fall into seizures, and possibly die.

10. According to Associated Press Reports, the toys, which were produced in China, were supposed to be manufactured (and, indeed, were labeled by Spin Master as) utilizing 1,5-pentanediol, a nontoxic compound found in glue, but in fact contained the harmful 1,4-butanediol, a significantly cheaper chemical compound which is widely used

in cleaners and plastics. The Food and Drug Administration has declared the latter chemical a Class I Health Hazard, meaning it can cause life-threatening harm.

11. Spin Master recalled all Aqua Dots sold after April 2007. Published reports indicate that approximately 4.2 Million Aqua Dots have been recalled at this time.

12. Spin Master requested that retailers remove all of the recalled Aqua Dots from their shelves and requested that consumers immediately remove all Aqua Dots from the Class Members' children.

13. If Plaintiff and the Class Members had known the true nature of Aqua Dots - i.e. the incredible health risk the Toys present to their children and grandchildren - they would not have purchased the Aqua Dots, nor would they have allowed their children and grandchildren to play with the dangerous Toys.

14. The Toys were manufactured in China, and Spin Master failed to adequately screen and test the Aqua Dots, ignoring the threat that these Toys presented to children.

15. Despite presenting Plaintiff's and the Class Members' children with a product that poses the risk of respiratory depression, seizure, and death, Spin Master has not offered to refund the consumers' money. Instead, Spin Master has offered a "replacement" toy from Spin Master to compensate consumers.

16. This offer is neither an appropriate nor acceptable means of compensating the Plaintiff and Class Members for the fraud that was committed upon them and the danger that their children and grandchildren were faced with..

17. Plaintiff brings this action individually and on behalf of all others similarly situated to, *inter alia,* recover damages and require Spin Master to properly refund Plaintiff's and the Class Members' money that was spent on a defective and deceptively dangerous product.

## IV.

### PARTIES

18. Plaintiff, Marilyn W. Walker, is a resident of Murray, Calloway County, Kentucky. She is the grandparent of 5-year-old A.M.C.  Plaintiff purchased Aqua Dots toys for A.M.C. from Wal-Mart in the Fall of 2007, on or about the 1st day of November. Plaintiff would not have purchased the Aqua Dots had she known of the tremendous health risk the Toys presented to her grandchild.

19. Defendant Spin Master, Ltd. is a corporate resident of Ontario, Canada.

20. Defendant Spin Master, Inc. is a corporate resident of the State of Delaware.

## V.

### CLASS ACTION ALLEGATIONS

21. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff seeks certification of a national Consumer Class (with the designation of statewide subclasses if the Court deems necessary and appropriate) defined as follows:

> All Consumer residents and/or domiciliaries of the United States who purchased and/or paid for various Aqua Dots Toys included in the November 7, 2007 recall.

Excluded from the proposed Class are (i) any Defendant, any entity in which any Defendant has a controlling interest or which has a controlling interest in any Defendant, and Defendants' legal representatives, predecessors, successors, and assigns; (ii) the judicial offices to whom this case is assigned; and (iii) any member of the immediate families of excluded persons.

22. Should this court determine that a national Consumer Class would not satisfy the applicable requisites for class certification, Plaintiff alternatively seeks certification of a statewide class, defined as:

All Consumer residents and/or domiciliaries of Kentucky who purchased and/or paid for various Aqua Dots Toys included in the November 7, 2007 recall.

Excluded from the proposed Class are (i) any Defendant, any entity in which any Defendant has a controlling interest or which has a controlling interest in any Defendant, and Defendants' legal representatives, predecessors, successors, and assigns; (ii) the judicial offices to whom this case is assigned; and (iii) any member of the immediate families of excluded persons.

23. Plaintiffs are informed and believe that the Class consists of many thousands of persons throughout the United States, making individual joinder of all Class Members impracticable.

24. Questions of law and fact are common to the Plaintiff Class and predominate over questions affecting only individual members, including, *inter alia,* the following:

a. whether and when Spin Master knew or should have known of the dangerous defects in the Toys;

b. whether Spin Master knowingly, recklessly, and/or negligently concealed, suppressed or failed to disclose the health risks of their Toys from regulators, and the public;

c. whether Spin Master's conduct violated state consumer protection statutes and state fraud and deceptive practice acts;

d. whether Spin Master breached implied warranties covering its Toys;

e. whether Spin Master acted negligently in the sale and promotion of their Toys;

f. whether Spin Master was unjustly enriched at the expense of Plaintiffs and the Class;

g. whether the Toys were inherently defective;

h. whether the Toys presented a health risk to children; and,

i. whether a national class or statewide classes, and/or other subclasses, are superior, within the requirements of Rule 23(b)(3), on any of the Class Claims.

25. Plaintiff's claims are typical of the claims of the Class Members as described above; the claims arise form the same course of conduct by Spin Master and the relief sought is common.

26. Plaintiff will fairly and adequately represent and protect the interests of all Class Members. Plaintiff will be represented by counsel competent and experienced in both consumer protection and class action litigation.

27. Class certification is proper under Federal Rule of Civil Procedure 23(b)(1)(A), because the prosecution of separate actions by individual Class Members

would create a risk of inconsistent or varying adjudications with respect to individual
Class Members and potentially establish incompatible standards of conduct for Spin
Master.

28. Class certification is proper under Federal Rule of Civil Procedure 23(b)(1)(B)
because the prosecution of separate actions by individual Class Members would create a
risk of adjudications with respect to individual Class Members which would, as a
practical matter, be dispositive of the interest of the other members not parties to these
adjudications and/or substantially impair their ability to protect these interests.

29. Class certification is proper under Federal Rule of Civil Procedure 23(b)(3),
because common issue of law and fact predominate over any questions affecting only
individual members of the Class, and a class action is superior to other available methods
for the fair and efficient adjudication of this controversy.

30. A class action is superior to other methods for the fair and efficient
adjudication of this controversy, since joinder of all members is impracticable.
Furthermore, because the economic damages suffered by the individual Class Members
may be relatively modest, albeit significant, compared to the expense and burden of
individual litigation, it would be impracticable for Class Members to seek redress
individually for the wrongful conduct alleged herein. There will be no difficulty in the
management of this litigation as a class action.

31. Plaintiffs seek a class certification decision that, regardless of the applicable
subsection of Rule 23 under which class treatment is granted, (1) preserves the right of

Class Members to exclude themselves from the Class under Rule 23(c)(2)(B), unless the
Court makes a finding that Defendants' available assets and insurance constitute a
traditional "limited fund" under the meaning of *Ortiz v. Fibreboard,* 527 U.S. 815, 816
(1999) and (2) if appropriate, grants class certification with respect to particular issues
under 23(c)(4)(A).

## VI.

### FIRST CAUSE OF ACTION

(Defendants' Violation of the Kentucky Consumer Protection Act and the Similar Acts of
the Various States)

32. Plaintiff incorporates by reference the preceding paragraphs as if they were
fully set forth herein.

33. Spin Master had a statutory duty to refrain from unfair or deceptive acts or
practices in the design, development, manufacture, promotion and sale of their Toys.

34. Had Spin Master not engaged in the deceptive conduct described above,
Plaintiff and the Class Members would not have purchased the Toys.

35. Spin Master's deceptive, unconscionable and/or fraudulent representations and
material omissions to consumers and the public, including Plaintiff and the Class
Members, constituted unfair and deceptive acts and practices in violation of the state
consumer protection statutes listed below.

a. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ala. Code § 8-19-1, *et seq. ;*

b. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Alaska Stat. § 45.50.471, *et seq. ;*

c. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ariz. Rev. Stat. § 44-1522, *et seq. ;*

d. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ark. Code § 4-88-101, *et. seq. ;*

e. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Cal. Civ. Code § 1770 et seq. and Cal Bus. & Prof. Code § 17200, *et seq. ;*

f. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Colo. Rev. Stat. § 6-1-105, *et. seq. ;*

g. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Conn. Gen. Stat. § 2-110a, *et seq. ;*

h. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 6 Del. Code §§ 2511, et seq. and 2531, *et. seq. ;*

i. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of D.C. Code § 28-3901, *et. seq.;*

j. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Fla. Stat. § 501.201 *et seq. ;*

k. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ga. Stat. §§ 10-1-372, *et seq. ,* 10-1-392 and 10-1-420.

l. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Haw. Rev. Stat. § 480-1, *et seq.;*

m. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Idaho Code § 48-601, *et seq.;*

n. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 815 ILCS §505/1, *et seq. ;*

o. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ind. Code Ann. § 24-5-0.5-1, et seq.;

p. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Iowa Code § 714.16, *et seq. ;*

q. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Kan. Stat. § 50-623, *et seq.;*

r. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ky. Rev. Stat. § 367.170, *et seq. ;*

s. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of La. Rev. Stat. § 51:1401, *et seq. ;*

t. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 5 Me. Rev. Stat. § 205A, *et seq.;*

u. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Md. Com. Law Code § 13-101, *et seq.;*

v. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Mass. Gen. L. Ch. 93 A, *et seq.;*

w. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Mich. Comp. Laws Ann. § 445.90 1, *et seq.;*

x. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Minn. Stat. §§ 325D.43, *et seq. ;* 325 F.67, *et seq.;* and 325F.68 *et seq.;*

y. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Miss. Code Ann. § 75-24-1, *et seq. ;*

z. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Vernon's Ann. Missouri Stat. § 407.010, *et seq. ;*

aa. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Mont. Code Ann. § 30-14-101, *et. seq ;*

bb. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Neb. Rev. Stat. § 59-1601, *et seq.;*

cc. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Nev. Rev. Stat. Ann. § 598.0903, *et seq. ;*

dd. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.H. Rev. Stat. § 358-A:1, *et seq. ;*

ee. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.J. Rev. Stat. § 56:8-1, *et seq. ;*

ff. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.M. Stat. § 57-12-1, *et seq. ;*

gg. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.Y. Gen. Bus. Law §§ 349 *et seq.* and 350-e, *et seq. ;*

hh. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.C. Gen. Stat. § 75-1.1, *et seq. ;*

ii. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.D. Cent. Code §§ 51-12-01, et seq., and 51-15-01, *et seq. ;*

jj. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ohio Rev. Stat. § 1345.01, *et seq.;*

kk. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Okla. Stat. § 15 751, *et seq.;*

ll. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Or. Rev. Stat. § 6464.605, *et seq. ;*

mm. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 73 Pa. Stat. § 201-1, *et seq.;*

nn. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of R.I. Gen. Laws. § 6-13.1-1, *et seq. ;*

oo. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of S.C. Code Laws § 39-5-10, *et seq.;*

pp. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of S.D. Codified Laws § 37-24-1, *et seq. ;*

qq. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Tenn. Code § 47-18-101, *et seq. ;*

rr. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Tex. Bus. & Com. Code § 17.41, et seq.;

ss. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Utah Code § 13-11-1, *et seq. ;*

tt. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 9 Vt. § 2451, *et seq. ;*

uu. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Va. Code § 59.1-196, *et seq.;*

vv. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Wash. Rev. Code. § 19.86.0 10, *et seq.;*

ww. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of West Virginia Code § 46A-6-101, *et seq. ;*

xx. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Wis. Stat. § 100.20, *et seq. ;* and,

yy. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Wyo. Stat. § 40-12-101, *et seq.*

36. Plaintiff and members of the class relied upon Defendants' misrepresentations and/or omissions in buying the Defendants Toys.

37. Plaintiff will provide any required notice to appropriate entities regarding Defendants' unfair and deceptive trade practices.

38. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the Class Members have been damaged by paying for these Toys.

39. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the Class are entitled to compensatory damages, treble damages, attorneys' fees and cost of this suit.

## SECOND CAUSE OF ACTION

(Defendants' Breach of the Implied Warranty of Merchantability)

40. Plaintiff incorporates by reference the preceding paragraphs as if they were fully set forth herein.

41. Spin Master sold and promoted their Toys and placed them into the stream of commerce. Spin Master knew or had reason to know of the specific use for which the Toys were purchased and impliedly warranted that its Toys were of merchantable quality and fit for such use.

42. Plaintiff and the Class Members reasonably relied upon the expertise, skill, judgment, and knowledge of Spin Master and upon its implied warranty that their Toys were of merchantable quality and fit for the intended use.

43. Spin Master knew, should have known, or had reason to know that Plaintiff and the Class Members were influenced to approve and purchase their children's Toys because of Spin Master's expertise, skill, judgment, and knowledge in furnishing their Toys for that use.

44. Spin Masters' Toys were not of merchantable quality and were not fit for their intended use, because they contained substances dangerous to humans, especially small children.

a. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Ala. Code § 7-2-314, *et. seq.*

b. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Alaska St. § 45.02.314, *et. seq.*

c. Defendants breached the implied warranty their Toys were of merchantable quality and fit for such use in violation of Ariz. Rev. Stat. Ann. § 47-2314, *et. seq.*

d. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Ark. Code Ann. § 4-2-314, *et. seq.*

e. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Cal. Comm. Code § 2314, *et. seq.*

f. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Co. Rev. St. § 4-2-314, *et. seq.*

g. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Conn. Gen. Stat. Ann. § 42a-2-314, *et. seq.*

h. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of 6 Del. C. § 2-314, *et. seq.*

i. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of D.C. Code § 28:2-314, *et. seq.*

j. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Fla. Stat. Ann. § 672.314, *et. seq.*

k. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Ga. Code. Ann, § 11-2-314, *et. seq.*

l. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Haw. Rev. Stat. § 490:2-314, *et. seq.*

m. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of *Id.* Code § 28-2-314, *et. seq.*

n. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Ill. Comp. Stat. Ann. Ch. 810, 5/2-314, *et. seq.*

o. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Ind. Code Ann. § 26-1-2-314, *et. seq.*

p. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Iowa Code Ann. § 554.2314, *et. seq.*

q. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Kansas Stat. Ann. § 84-2-314, *et. seq.*

r. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Ken. Rev. Stat. Ann. § 355.2-314, *et. seq.*

s. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of, and is liable under La. Civ. Code Ann. Art. 2520, et seq.

t. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of 11 Maine Rev. Stat. Ann. § 2-314, *et. seq.*

u. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Md. Code Ann., Com. Law § 2-314, *et. Seq.*

v. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Mass. Gen. Laws Ann. Ch. 106 § 2-314, *et. seq.*

w. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Mich. Comp. Laws Ann. § 440.2.314, *et, seq.*

x. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Minn. Stat. Ann. § 336.2-314, *et. seq.*

y. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Miss. Code Ann. § 75-2-314, *et. seq.*

z. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Missouri Rev. Stat. § 400.2-314, *et. seq.*

aa. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Mont. Code Ann. § 30-2-314, *et. seq.*

bb. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Nev. Rev. Stat. U.C.C. § 104.2314, *et. seq.*

cc. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of N.H. Rev. Stat. Ann. § 382-A:2-314, *et. seq.*

dd. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of N.J. Stat. Ann. § 12A:2-314, *et. seq.*

ee. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of N.M. Stat. Ann. § 55-2-314, *et. seq.*

ff. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of N.Y. U.C.C. Law 2-314, *et. seq.*

gg. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of N.C. Gen. Stat. Ann. § 25-2-314, *et. seq.*

hh. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of N.D. Stat. § 41-02-314, *et. seq.*

ii. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Ohio Rev. Code Ann, § 1302.27, *et. seq.*

jj. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of 12A Okla. Stat. § 2-314, *et. seq.*

kk. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Or. Rev. Stat. § 72.3140, *et. seq.*

ll. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of 13 Pa. Stat. Ann. § 2314, *et. seq.*

mm. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of R.I. Gen. Laws § 6A-2-314, *et. seq.*

nn. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of S.C. § 36-2-314, *et. seq.*

oo. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of S.D. Stat. 57A-2-314, *et. seq.*

pp. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Tenn. Code Ann. § 47-2-314, *et. seq.*

qq. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Tex.Bus. & Com. Code Ann. § 2.314, *et. seq.*

rr. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Ut. Code Ann. § 70A-2-314, *et. seq.*

ss. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Va. Code Ann. § 8.2-314, *et. seq.*

tt. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Vt. Stat. Ann, § 9A-2-314, *et. seq.*

uu. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Wa. Rev. Code § 62A.2-314, *et. seq.*

vv. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of W.Va. Code § 46-2-314, *et. seq.*

ww. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Wis. Stat. Ann. § 402.314, *et. seq.*

xx. Defendants breached the implied warranty that their Toys were of

merchantable quality and fit for such use in violation of Wyo. Stat. § 34.1-2-314,

*et. seq.*

45. As a direct and proximate cause of Defendants' breach of the implied warranty

of merchantability, Plaintiff and the Class Members suffered ascertainable losses,

injuries, and damages as specified herein in an amount to be determined at trial.

<u>**THIRD CAUSE OF ACTION**</u>

(Unjust Enrichment)

46. Plaintiff incorporates by reference the preceding paragraphs as if they were

fully set forth herein; however, this Cause of Action is expressly pled in the alternative of

any contract-based or legal causes of action.

47. Defendants have been, and continue to be, unjustly enriched, to the detriment

of and at the expense of Plaintiff and the Class Members, as a result of its unlawful

and/or wrongful collection of, *inter alia,* the Plaintiff and the Class Members' payments

for Defendants' Toys such that Defendants' retention of such payments is inequitable.

48. Defendants have unjustly benefited through the unlawful and/or wrongful

collection of, inter alia, payments for Defendants' Toys, and continue to so benefit to the

detriment and at the expense of the Plaintiff and the Class Members.

49. Accordingly, Defendants should not be allowed to retain the proceeds from

the benefits conferred upon it by the Plaintiff and the Class Members, who seek

disgorgement of Defendants' unjustly acquired profits and other monetary benefits resulting from its unlawful conduct, and seek restitution and/or rescission for the benefit of Plaintiff and the Class Members, in an equitable and efficient fashion to be determined by the Court.

50. Plaintiff and the Class Members are entitled to the imposition of a constructive trust upon Defendants such that its enrichment, benefit and ill-gotten gains may be allocated and distributed equitably by the Court to and/or for the benefit of Class Members.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, for herself and all others similarly situated, respectfully requests that this Court enter a judgment against Defendants and in favor of Plaintiff, and grant the following relief:

A. Determine that this action may be maintained as a class action with respect to a national class or with subclasses corresponding to the several states' laws, or, in the alternative, a Kentucky statewide.class, pursuant to the appropriate subsections of Rule 23 of the Federal Rules of Civil Procedure; that the court certify a class action with respect to particular issues if appropriate, and that the Court designate and appoint Plaintiff and counsel to serve as Class Representatives and Class Counsel;

B. Declare, adjudge and decree the conduct of the Defendants as alleged herein to be unlawful;

C. Grant Plaintiff and Class Members awards of actual, compensatory, punitive and/or exemplary damages in such amount to be determined at trial and as provided by applicable law;

D. Grant Plaintiff and Class Members their costs of suit, including reasonable attorneys' fees, and expenses as provided by law; and,

E. Grant Plaintiff and Class Members such other, further, and different relief as the nature of the case may require or as may be determined to be just, equitable, and proper by this Court.

## **<u>DEMAND FOR TRIAL BY JURY</u>**

Plaintiff, by counsel, requests a trial by jury on those causes of actions and requests for relief set forth herein.

Respectfully submitted,

GREGORY, EASLEY & ERNSTBERGER

By:  <u>/S/ K. Bryan Ernstberger</u>
K. Bryan Ernstberger, ABA#01319314
204 South 6th Street
Murray, KY 42071
Telephone: 270-753-2633
Facsimile: 270-753-1825
Email: <u>murrayattorney@gmail.com</u>

&#8471;JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)   PLAINTIFFS

## DEFENDANTS

**(b)**  County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1   U.S. Government
Plaintiff

☐ 3   Federal Question
(U.S. Government Not a Party)

☐ 2   U.S. Government
Defendant

☐ 4   Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                       and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | ☐ 442 Employment | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893  Environmental Matters |
| ☐ 220 Foreclosure | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☐ 1   Original
Proceeding

☐ 2   Removed from
State Court

☐ 3   Remanded from
Appellate Court

☐ 4   Reinstated or
Reopened

☐ 5   Transferred from
another district
(specify)

☐ 6   Multidistrict
Litigation

☐ 7   Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):

Brief description of cause:

## VII. REQUESTED IN
COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☐ No

## VIII. RELATED CASE(S)
IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #             AMOUNT                      APPLYING IFP                      JUDGE                      MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**    **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**    **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**    Example:    U.S. Civil Statute: <u>47 USC 553</u>
Brief Description: <u>Unauthorized reception of cable service</u>

**VII.**    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.