IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY

ELECTRONICALLY FILED

MARILYN W. WALKER,  on behalf of
herself and all others similarly situated,

        Plaintiff,

      v.

SPIN MASTER, LTD. and SPIN
MASTER, INC.,

        Defendants.

Case No. 5:08CV-29-R

## NOTICE OF FILING OF NOTICE OF
## POTENTIAL TAG-ALONG ACTION AND RELATED DOCUMENTS

        Pursuant to Rule 5.12(c) and 7.5 of the Rules of Procedure for the Judicial Panel on Multidistrict Litigation, Defendants Spin Master, Ltd. and Spin Master, Inc. (neither of whom have yet been served in the above-captioned case) hereby file with this Court as Exhibit A a true and correct copy of Defendants' Notice of Potential Tag-Along Action, which was filed on February 22, 2008, before the Judicial Panel on Multidistrict Litigation in MDL No. 1940, *In re: Aqua Dots Products Liability Litigation.*

        Defendants also file with this Court as Exhibit B a true and correct copy of their Motion for Consolidation and Transfer for Pretrial Proceedings Pursuant to 28 U.S.C. § 1407, Brief in Support, Schedule of Actions, and Certificate of Service.

        Respectfully submitted,

**FROST BROWN TODD LLC**

/s/ Susan J. Pope
250 West Main Street, Suite 2800
Lexington, Kentucky 40507-1749
(859) 244-3204 Telephone
(859) 231-0011 Facsimile
*Counsel for Defendants Spin Master, Ltd.
and Spin Master, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 7th day of March, 2008, I electronically filed the foregoing notice of filing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

**Kenny B. Ernstberger**   murrayattorney@gmail.com


/s/ Susan J. Pope_____
COUNSEL FOR DEFENDANTS

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

---

IN RE: Aqua Dots Product Liability Litigation   :   MDL Docket No. 1940

---

:

MOVING DEFENDANTS' SECOND
NOTICE OF POTENTIAL TAG-ALONG ACTION

Pursuant to Rule 7.5(e) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Defendants Spin Master, Ltd. and Spin Master, Inc. ("Moving Defendants") hereby respectfully notify the Clerk of the Panel of a potential tag-along action as set forth below and state as follows:

    1.    By Motion to Transfer dated January 25, 2008, Moving Defendants have requested consolidation and coordination of several actions as set forth in the Schedule of Actions attached thereto.

    2.    The Panel has not yet heard Moving Defendants' request for consolidation.

    3.    On February 15, 2008, the following potential tag-along action was filed in the Western District of Kentucky: *Marilyn W. Walker, individually and on behalf of all others similarly situated, v. Spin Master, Ltd., and Spin Master, Inc.,* Cause No. 5:08CV-29-R (United States District Court for the Western District of Kentucky). The case has been assigned to the Honorable Judge Thomas B. Russell.



EXHIBIT

A

- 1 -

2814586

4.    Like those actions identified in the original Schedule of Actions attached to Moving Defendants' Motion to Transfer, the potential tag-along case is pending in federal court and involves allegations relating to the recall of Aqua Dots.

5.    Transfer of the potential tag-along action to an MDL proceeding in either the Northern District of Illinois or the Eastern District of Arkansas for consolidated and coordinated pre-trial proceedings is therefore appropriate for the same reasons as set forth in this Moving Defendants' Motion to Transfer.

5.    A Copy of the Complaint in the *Walker* case is attached hereto for the Panel's convenience.

Respectfully submitted,

John K. Sherk, Esq.
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
jsherk@shb.com

**Counsel for Defendants Spin Master, Ltd.
and Spin Master, Inc.**

- 2 -

2814586

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| MARILYN W. WALKER, individually and on behalf of all others similarly situated | ) ) ) | |
| | ) | Cause No. 5:08CV-29-R |
| Plaintiffs, | ) ) ) | |
| | ) ) | **CLASS ACTION COMPLAINT** **DEMAND FOR JURY TRIAL** |
| | ) | |
| vs. | ) ) | |
| SPIN MASTER, LTD., and SPIN MASTER, INC. | ) ) ) | |
| Defendants. | ) | |

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Marilyn W. Walker, by counsel, on her own behalf and on behalf of all others similarly situated ("Plaintiff"), tender the following Class Action Complaint and Demand for Jury Trial:

**I.**

**JURISDICTION**

1. The United States District Court for the Western District of Kentucky has

diversity jurisdiction over this Class Action lawsuit pursuant to 28 U.S.C. § 1332(d).

2. Upon information and belief, Spin Master, Ltd. is a corporate resident of

Ontario, Canada and Spin Master, Inc. is a corporate resident of the State of Delaware.

Plaintiff is a resident of the city of Murray and State of Kentucky. Pursuant to federal

law, there must only be minimal diversity between the Plaintiff Class and the Defendants,

meaning that only a single member of the Plaintiff Class need be diverse from a single Defendant. *See* 28 U.S.C. §1332(d)(2)(A).

3. Upon information and belief, the amount in controversy exceeds the value of $5,000,000.00, exclusive of interest and costs. *See id.* at §1332(d)(6).

## II.

## VENUE

4. Venue in this judicial district is proper under 28 U.S.C. §1391(a)(2) because a substantial part of the events or omissions giving rise to the claims herein described occurred within this judicial district.

## III.

## BACKGROUND

5. This is a lawsuit charging Spin Master, Ltd. and Spin Master, Inc. (collectively, "Spin Master" or "Defendants") with the illegal marketing and selling of various "Aqua Dots¹ " products (e.g., "Aqua Dots Tray & Spray Pack," "Aqua Dots Starter Pack," "Aqua Dots Super Studio," "Aqua Dots Themed Packs," etc.) (collectively, "Aqua Dots" or "Toys") to Plaintiff and the absent members of the class Plaintiff represents (hereinafter referred to as "Class Members").

6. Defendants marketed, promoted, advertised, sold, distributed, and/or placed into the stream of commerce various Aqua Dots. Aqua Dots were marketed and advertised throughout the nation and in the state of Kentucky as being safe for children.

Moreover, Aqua Dots were sold in toy stores, department stores and specialty shops throughout the nation and the State of Kentucky.

7. Spin Master engaged in an aggressive marketing campaign specifically targeting young children. Spin Master ensured that our Nation's children and child care-givers, including those in the State of Kentucky, were inundated with marketing and promotional information regarding Aqua Dots with the intention to induce Plaintiff and Class Members to purchase the products.

8. Plaintiff and Class Members purchased these Toys believing, based upon Defendants' representations, that the product was safe for their children and grandchildren.

9. On or about November 7, 2007, Defendants issued a recall of Aqua Dots. By design, Aqua Dots were coated with a substance that causes the beads to stick to each other when water is added. However, as studies have now documented, this same substance contains a chemical that becomes highly toxic once ingested and metabolized. Children who swallow the beads can become comatose, develop respiratory depression, fall into seizures, and possibly die.

10. According to Associated Press Reports, the toys, which were produced in China, were supposed to be manufactured (and, indeed, were labeled by Spin Master as) utilizing 1,5-pentanediol, a nontoxic compound found in glue, but in fact contained the harmful 1,4-butanediol, a significantly cheaper chemical compound which is widely used

in cleaners and plastics. The Food and Drug Administration has declared the latter chemical a Class I Health Hazard, meaning it can cause life-threatening harm.

11. Spin Master recalled all Aqua Dots sold after April 2007. Published reports indicate that approximately 4.2 Million Aqua Dots have been recalled at this time.

12. Spin Master requested that retailers remove all of the recalled Aqua Dots from their shelves and requested that consumers immediately remove all Aqua Dots from the Class Members' children.

13. If Plaintiff and the Class Members had known the true nature of Aqua Dots - i.e. the incredible health risk the Toys present to their children and grandchildren - they would not have purchased the Aqua Dots, nor would they have allowed their children and grandchildren to play with the dangerous Toys.

14. The Toys were manufactured in China, and Spin Master failed to adequately screen and test the Aqua Dots, ignoring the threat that these Toys presented to children.

15. Despite presenting Plaintiff's and the Class Members' children with a product that poses the risk of respiratory depression, seizure, and death, Spin Master has not offered to refund the consumers' money. Instead, Spin Master has offered a "replacement" toy from Spin Master to compensate consumers.

16. This offer is neither an appropriate nor acceptable means of compensating the Plaintiff and Class Members for the fraud that was committed upon them and the danger that their children and grandchildren were faced with..

17. Plaintiff brings this action individually and on behalf of all others similarly situated to, *inter alia,* recover damages and require Spin Master to properly refund Plaintiff's and the Class Members' money that was spent on a defective and deceptively dangerous product.

## IV.

## PARTIES

18. Plaintiff, Marilyn W. Walker, is a resident of Murray, Calloway County, Kentucky. She is the grandparent of 5-year-old A.M.C. Plaintiff purchased Aqua Dots toys for A.M.C. from Wal-Mart in the Fall of 2007, on or about the 1st day of November. Plaintiff would not have purchased the Aqua Dots had she known of the tremendous health risk the Toys presented to her grandchild.

19. Defendant Spin Master, Ltd. is a corporate resident of Ontario, Canada.

20. Defendant Spin Master, Inc. is a corporate resident of the State of Delaware.

## V.

## CLASS ACTION ALLEGATIONS

21. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff seeks certification of a national Consumer Class (with the designation of statewide subclasses if the Court deems necessary and appropriate) defined as follows:

> All Consumer residents and/or domiciliaries of the United States who purchased and/or paid for various Aqua Dots Toys included in the November 7, 2007 recall.

Excluded from the proposed Class are (i) any Defendant, any entity in which any Defendant has a controlling interest or which has a controlling interest in any Defendant, and Defendants' legal representatives, predecessors, successors, and assigns; (ii) the judicial offices to whom this case is assigned; and (iii) any member of the immediate families of excluded persons.

22. Should this court determine that a national Consumer Class would not satisfy the applicable requisites for class certification, Plaintiff alternatively seeks certification of a statewide class, defined as:

All Consumer residents and/or domiciliaries of Kentucky who purchased and/or paid for various Aqua Dots Toys included in the November 7, 2007 recall.

Excluded from the proposed Class are (i) any Defendant, any entity in which any Defendant has a controlling interest or which has a controlling interest in any Defendant, and Defendants' legal representatives, predecessors, successors, and assigns; (ii) the judicial offices to whom this case is assigned; and (iii) any member of the immediate families of excluded persons.

23. Plaintiffs are informed and believe that the Class consists of many thousands of persons throughout the United States, making individual joinder of all Class Members impracticable.

24. Questions of law and fact are common to the Plaintiff Class and predominate over questions affecting only individual members, including, *inter alia,* the following:

a. whether and when Spin Master knew or should have known of the dangerous defects in the Toys;

b. whether Spin Master knowingly, recklessly, and/or negligently concealed, suppressed or failed to disclose the health risks of their Toys from regulators, and the public;

c. whether Spin Master's conduct violated state consumer protection statutes and state fraud and deceptive practice acts;

d. whether Spin Master breached implied warranties covering its Toys;

e. whether Spin Master acted negligently in the sale and promotion of their Toys;

f. whether Spin Master was unjustly enriched at the expense of Plaintiffs and the Class;

g. whether the Toys were inherently defective;

h. whether the Toys presented a health risk to children; and,

i. whether a national class or statewide classes, and/or other subclasses, are superior, within the requirements of Rule 23(b)(3), on any of the Class Claims.

25. Plaintiff's claims are typical of the claims of the Class Members as described above; the claims arise form the same course of conduct by Spin Master and the relief sought is common.

26. Plaintiff will fairly and adequately represent and protect the interests of all Class Members. Plaintiff will be represented by counsel competent and experienced in both consumer protection and class action litigation.

27. Class certification is proper under Federal Rule of Civil Procedure 23(b)(1)(A), because the prosecution of separate actions by individual Class Members

would create a risk of inconsistent or varying adjudications with respect to individual

Class Members and potentially establish incompatible standards of conduct for Spin

Master.

28. Class certification is proper under Federal Rule of Civil Procedure 23(b)(1)(B)

because the prosecution of separate actions by individual Class Members would create a

risk of adjudications with respect to individual Class Members which would, as a

practical matter, be dispositive of the interest of the other members not parties to these

adjudications and/or substantially impair their ability to protect these interests.

29. Class certification is proper under Federal Rule of Civil Procedure 23(b)(3),

because common issue of law and fact predominate over any questions affecting only

individual members of the Class, and a class action is superior to other available methods

for the fair and efficient adjudication of this controversy.

30. A class action is superior to other methods for the fair and efficient

adjudication of this controversy, since joinder of all members is impracticable.

Furthermore, because the economic damages suffered by the individual Class Members

may be relatively modest, albeit significant, compared to the expense and burden of

individual litigation, it would be impracticable for Class Members to seek redress

individually for the wrongful conduct alleged herein. There will be no difficulty in the

management of this litigation as a class action.

31. Plaintiffs seek a class certification decision that, regardless of the applicable

subsection of Rule 23 under which class treatment is granted, (1) preserves the right of

Class Members to exclude themselves from the Class under Rule 23(c)(2)(B), unless the Court makes a finding that Defendants' available assets and insurance constitute a traditional "limited fund" under the meaning of *Ortiz v. Fibreboard*, 527 U.S. 815, 816 (1999) and (2) if appropriate, grants class certification with respect to particular issues under 23(c)(4)(A).

## VI.

### FIRST CAUSE OF ACTION

(Defendants' Violation of the Kentucky Consumer Protection Act and the Similar Acts of the Various States)

32. Plaintiff incorporates by reference the preceding paragraphs as if they were fully set forth herein.

33. Spin Master had a statutory duty to refrain from unfair or deceptive acts or practices in the design, development, manufacture, promotion and sale of their Toys.

34. Had Spin Master not engaged in the deceptive conduct described above, Plaintiff and the Class Members would not have purchased the Toys.

35. Spin Master's deceptive, unconscionable and/or fraudulent representations and material omissions to consumers and the public, including Plaintiff and the Class Members, constituted unfair and deceptive acts and practices in violation of the state consumer protection statutes listed below.

a. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ala. Code § 8-19-1, *et seq.* ;

b. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Alaska Stat. § 45.50.471, *et seq.* ;

c. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ariz. Rev. Stat. § 44-1522, *et seq.* ;

d. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ark. Code § 4-88-101, *et. seq.* ;

e. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Cal. Civ. Code § 1770 et seq. and Cal Bus. & Prof. Code § 17200, *et seq.* ;

f. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Colo. Rev. Stat. § 6-1-105, *et. seq.* ;

g. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Conn. Gen. Stat. § 2-110a, *et seq.* ;

h. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 6 Del. Code §§ 2511, et seq. and 2531, *et. seq.* ;

i. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of D.C. Code § 28-3901, *et. seq.*;

j. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Fla. Stat. § 501.201 *et seq.* ;

k. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ga. Stat. §§ 10-1-372, *et seq.* , 10-1-392 and 10-1-420.

l. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Haw. Rev. Stat. § 480-1, *et seq.;*

m. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Idaho Code § 48-601, *et seq.;*

n. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 815 ILCS §505/1, *et seq.* ;

o. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ind. Code Ann. § 24-5-0.5-1, et seq.;

p. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Iowa Code § 714.16, *et seq.* ;

q. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Kan. Stat. § 50-623, *et seq.;*

r. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ky. Rev. Stat. § 367.170, *et seq.* ;

s. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of La. Rev. Stat. § 51:1401, *et seq.* ;

t. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 5 Me. Rev. Stat. § 205A, *et seq.;*

u. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Md. Com. Law Code § 13-101, *et seq.;*

v. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Mass. Gen. L. Ch. 93 A, *et seq.;*

w. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Mich. Comp. Laws Ann. § 445.90 1, *et seq.;*

x. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Minn. Stat. §§ 325D.43, *et seq.* ; 325 F.67, *et seq.;* and 325F.68 *et seq.;*

y. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Miss. Code Ann. § 75-24-1, *et seq.* ;

z. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Vernon's Ann. Missouri Stat. § 407.010, *et seq.* ;

aa. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Mont. Code Ann. § 30-14-101, *et. seq* ;

bb. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Neb. Rev. Stat. § 59-1601, *et seq.;*

cc. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Nev. Rev. Stat. Ann. § 598.0903, *et seq. ;*

dd. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.H. Rev. Stat. § 358-A:1, *et seq. ;*

ee. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.J. Rev. Stat. § 56:8-1, *et seq. ;*

ff. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.M. Stat. § 57-12-1, *et seq. ;*

gg. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.Y. Gen. Bus. Law §§ 349 *et seq.* and 350-e, *et seq. ;*

hh. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.C. Gen. Stat. § 75-1.1, *et seq. ;*

ii. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.D. Cent. Code §§ 51-12-01, et seq., and 51-15-01, *et seq. ;*

jj. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ohio Rev. Stat. § 1345.01, *et seq.;*

kk. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Okla. Stat. § 15 751, *et seq.;*

ll. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Or. Rev. Stat. § 6464.605, *et seq. ;*

mm. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 73 Pa. Stat. § 201-1, *et seq.;*

nn. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of R.I. Gen. Laws. § 6-13.1-1, *et seq. ;*

oo. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of S.C. Code Laws § 39-5-10, *et seq.;*

pp. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of S.D. Codified Laws § 37-24-1, *et seq. ;*

qq. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Tenn. Code § 47-18-101, *et seq. ;*

rr. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Tex. Bus. & Com. Code § 17.41, et seq.;

ss. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Utah Code § 13-11-1, *et seq.* ;

tt. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 9 Vt. § 2451, *et seq.* ;

uu. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Va. Code § 59.1-196, *et seq.;*

vv. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Wash. Rev. Code. § 19.86.0 10, *et seq.;*

ww. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of West Virginia Code § 46A-6-101, *et seq.* ;

xx. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Wis. Stat. § 100.20, *et seq.* ; and,

yy. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Wyo. Stat. § 40-12-101, *et seq.*

36. Plaintiff and members of the class relied upon Defendants' misrepresentations and/or omissions in buying the Defendants Toys.

37. Plaintiff will provide any required notice to appropriate entities regarding Defendants' unfair and deceptive trade practices.

38. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the Class Members have been damaged by paying for these Toys.

39. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the Class are entitled to compensatory damages, treble damages, attorneys' fees and cost of this suit.

## SECOND CAUSE OF ACTION

(Defendants' Breach of the Implied Warranty of Merchantability)

40. Plaintiff incorporates by reference the preceding paragraphs as if they were fully set forth herein.

41. Spin Master sold and promoted their Toys and placed them into the stream of commerce. Spin Master knew or had reason to know of the specific use for which the Toys were purchased and impliedly warranted that its Toys were of merchantable quality and fit for such use.

42. Plaintiff and the Class Members reasonably relied upon the expertise, skill, judgment, and knowledge of Spin Master and upon its implied warranty that their Toys were of merchantable quality and fit for the intended use.

43. Spin Master knew, should have known, or had reason to know that Plaintiff and the Class Members were influenced to approve and purchase their children's Toys because of Spin Master's expertise, skill, judgment, and knowledge in furnishing their Toys for that use.

44. Spin Masters' Toys were not of merchantable quality and were not fit for their intended use, because they contained substances dangerous to humans, especially small children.

     a. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Ala. Code § 7-2-314, *et. seq.*

     b. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Alaska St. § 45.02.314, *et. seq.*

     c. Defendants breached the implied warranty their Toys were of merchantable quality and fit for such use in violation of Ariz. Rev. Stat. Ann. § 47-2314, *et. seq.*

     d. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Ark. Code Ann. § 4-2-314, *et. seq.*

     e. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Cal. Comm. Code § 2314, *et. seq.*

f. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Co. Rev. St. § 4-2-314, *et. seq.*

g. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Conn. Gen. Stat. Ann. § 42a-2-314, *et. seq.*

h. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of 6 Del. C. § 2-314, *et. seq.*

i. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of D.C. Code § 28:2-314, *et. seq.*

j. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Fla. Stat. Ann. § 672.314, *et. seq.*

k. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Ga. Code. Ann, § 11-2-314, *et. seq.*

l. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Haw. Rev. Stat. § 490:2-314, *et. seq.*

m. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of *Id.* Code § 28-2-314, *et. seq.*

n. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Ill. Comp. Stat. Ann. Ch. 810, 5/2-314, *et. seq.*

o. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Ind. Code Ann. § 26-1-2-314, *et. seq.*

p. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Iowa Code Ann. § 554.2314, *et. seq.*

q. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Kansas Stat. Ann. § 84-2-314, *et. seq.*

r. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Ken. Rev. Stat. Ann. § 355.2-314, *et. seq.*

s. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of, and is liable under La. Civ. Code Ann. Art. 2520, et seq.

t. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of 11 Maine Rev. Stat. Ann. § 2-314, *et. seq.*

u. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Md. Code Ann., Com. Law § 2-314, *et. Seq.*

v. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Mass. Gen. Laws Ann. Ch. 106 § 2-314, *et. seq.*

w. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Mich. Comp. Laws Ann. § 440.2.314, *et, seq.*

x. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Minn. Stat. Ann. § 336.2-314, *et. seq.*

y. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Miss. Code Ann. § 75-2-314, *et. seq.*

z. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Missouri Rev. Stat. § 400.2-314, *et. seq.*

aa. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Mont. Code Ann. § 30-2-314, *et. seq.*

bb. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Nev. Rev. Stat. U.C.C. § 104.2314, *et. seq.*

cc. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of N.H. Rev. Stat. Ann. § 382-A:2-314, *et. seq.*

dd. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of N.J. Stat. Ann. § 12A:2-314, *et. seq.*

ee. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of N.M. Stat. Ann. § 55-2-314, *et. seq.*

ff. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of N.Y. U.C.C. Law 2-314, *et. seq.*

gg. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of N.C. Gen. Stat. Ann. § 25-2-314, *et. seq.*

hh. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of N.D. Stat. § 41-02-314, *et. seq.*

ii. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Ohio Rev. Code Ann, § 1302.27, *et. seq.*

jj. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of 12A Okla. Stat. § 2-314, *et. seq.*

kk. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Or. Rev. Stat. § 72.3140, *et. seq.*

ll. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of 13 Pa. Stat. Ann. § 2314, *et. seq.*

mm. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of R.I. Gen. Laws § 6A-2-314, *et. seq.*

nn. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of S.C. § 36-2-314, *et. seq.*

oo. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of S.D. Stat. 57A-2-314, *et. seq.*

pp. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Tenn. Code Ann. § 47-2-314, *et. seq.*

qq. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Tex.Bus. & Com. Code Ann. § 2.314, *et. seq.*

rr. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Ut. Code Ann. § 70A-2-314, *et. seq.*

ss. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Va. Code Ann. § 8.2-314 , *et. seq.*

tt. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Vt. Stat. Ann, § 9A-2-314, *et. seq.*

uu. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Wa. Rev. Code § 62A.2-314, *et. seq.*

vv. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of W.Va. Code § 46-2-314, *et. seq.*

ww. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Wis. Stat. Ann. § 402.314, *et. seq.*

xx. Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Wyo. Stat. § 34.1-2-314, *et. seq.*

45. As a direct and proximate cause of Defendants' breach of the implied warranty of merchantability, Plaintiff and the Class Members suffered ascertainable losses, injuries, and damages as specified herein in an amount to be determined at trial.

## <u>THIRD CAUSE OF ACTION</u>

(Unjust Enrichment)

46. Plaintiff incorporates by reference the preceding paragraphs as if they were fully set forth herein; however, this Cause of Action is expressly pled in the alternative of any contract-based or legal causes of action.

47. Defendants have been, and continue to be, unjustly enriched, to the detriment of and at the expense of Plaintiff and the Class Members, as a result of its unlawful and/or wrongful collection of, *inter alia,* the Plaintiff and the Class Members' payments for Defendants' Toys such that Defendants' retention of such payments is inequitable.

48. Defendants have unjustly benefited through the unlawful and/or wrongful collection of, inter alia, payments for Defendants' Toys, and continue to so benefit to the detriment and at the expense of the Plaintiff and the Class Members.

49. Accordingly, Defendants should not be allowed to retain the proceeds from the benefits conferred upon it by the Plaintiff and the Class Members, who seek

disgorgement of Defendants' unjustly acquired profits and other monetary benefits resulting from its unlawful conduct, and seek restitution and/or rescission for the benefit of Plaintiff and the Class Members, in an equitable and efficient fashion to be determined by the Court.

50. Plaintiff and the Class Members are entitled to the imposition of a constructive trust upon Defendants such that its enrichment, benefit and ill-gotten gains may be allocated and distributed equitably by the Court to and/or for the benefit of Class Members.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, for herself and all others similarly situated, respectfully requests that this Court enter a judgment against Defendants and in favor of Plaintiff, and grant the following relief:

A. Determine that this action may be maintained as a class action with respect to a national class or with subclasses corresponding to the several states' laws, or, in the alternative, a Kentucky statewide class, pursuant to the appropriate subsections of Rule 23 of the Federal Rules of Civil Procedure; that the court certify a class action with respect to particular issues if appropriate, and that the Court designate and appoint Plaintiff and counsel to serve as Class Representatives and Class Counsel;

B. Declare, adjudge and decree the conduct of the Defendants as alleged herein to be unlawful;

C. Grant Plaintiff and Class Members awards of actual, compensatory, punitive and/or exemplary damages in such amount to be determined at trial and as provided by applicable law;

D. Grant Plaintiff and Class Members their costs of suit, including reasonable attorneys' fees, and expenses as provided by law; and,

E. Grant Plaintiff and Class Members such other, further, and different relief as the nature of the case may require or as may be determined to be just, equitable, and proper by this Court.

## DEMAND FOR TRIAL BY JURY

Plaintiff, by counsel, requests a trial by jury on those causes of actions and requests for relief set forth herein.

Respectfully submitted:

GREGORY, EASLEY & ERNSTBERGER

By: /S/ K. Bryan Ernstberger
K. Bryan Ernstberger, ABA#01319314
204 South 6th Street
Murray, KY 42071
Telephone: 270-753-2633
Facsimile: 270-753-1825
Email: murrayattorney@gmail.com

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

---

IN RE: Aqua Dots Product Liability Litigation

\: \: \:

MDL Docket No. 1940

---

### PROOF OF SERVICE

I hereby certify that on February 22, 2008, a copy of Moving Defendants' Second
Notice of Potential Tag-Along Action was served on counsel listed below either via electronic
service where previously agreed to in writing (as evidenced by listing of e-mail address) or, in
instances in which there has not been agreement as to electronic service, by U.S. Mail:

K. Bryan Ernstberger
GREGORY, EASLEY & ERNESTBERGER
204 South 6th Street
Murray, KY 42071
**Counsel for Plaintiff: Marilyn W. Walker**, W.D. Kentucky, No. 5:08CV-29-R

Alex G. Streett
James A. Streett
STREETT LAW FIRM, P.A.
107 West Main
Russellville, Arkansas 72811
alex@streettlaw.com
james@streettlaw.com
**Counsel for Plaintiff: Donald C. Erbach, Jr.**, E.D. Arkansas, No. 4-07-CV-01112

Rosemary M. Rivas
Mark Punzalan
FINKELSTEIN THOMPSON LLP
100 Bush Street, Suite 1450
San Francisco, California 94101
rrivas@finkelsteinthompson.com
mpunzalan@finkelsteinthompson.com

Mila F. Bartos
Tracy Rezvani

- 3 -

2814586

Karen J. Marcus
Rosalee B. Connell
FINKELSTEIN THOMPSON LLP
1050 30th Street NW
Washington, DC 20007
mbartos@finkelsteinthompson.com
trezvani@finkelsteinthompson.com
kmarcus@finkelsteinthompson.com
rconnell@finkelsteinthompson.com
**Counsel for Plaintiff: Sandra I. Soderstedt**, C.D. California, No. CV07-07546

Laurence D. King
Linda M. Fong
KAPLAN FOX & KILSHEIMER LLP
350 Sansome Street, Suite 400
San Francisco, California 94104
lking@kaplanfox.com
lfong@kaplanfox.com

Lori S. Brody
KAPLAN FOX & KILSHEIMER LLP
1801 Century Park East, Suite 1460
Los Angeles, California 90067
lbrody@kaplanfox.com

Frederic S. Fox
Donald R. Hall
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue, 14th Floor
New York, New York 10022
ffox@kaplanfox.com
dhall@kaplanfox.com

Elizabeth A. Fegan
HAGENS BERMAN SOBOL SHAPIRO LLP
820 North Boulevard, Suite B
Oak Park, Illinois 60301

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, Washington 98101
**Counsel for Plaintiff: Kim A. Cosgrove**, C.D. California, No. CV07-07544

- 4 -

Paul J. Geller
Jack Reise
Stuart A. Davidson
James L. Davidson
Elizabeth A. Shonson
COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
120 E. Palmetto Park Road, Suite 500
Boca Raton, Florida 33432-4809
PGeller@csgrr.com
jreise@csgrr.com
SDavidson@csgrr.com
jdavidson@csgrr.com
eshonson@csgrr.com

John J. Stoia, Jr.
Rachel L. Jensen
COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, California 92101

Adam Balkan
John Patterson
BALKAN & PATTERSON, LLP
601 South Federal Highway, Suite 302
Boca Raton, Florida 33432
**Counsel for Plaintiff: Simon Bertanowski**, S.D. Florida, No. 07-22941

Ben Barnow
Sharon Harris
Erich Schork
BARNOW AND ASSOCIATES, P.C.
One North La Salle Street, Suite 4600
Chicago, Illinois 60602
b.barnow@barnowlaw.com

Aron D. Robinson
THE LAW OFFICE OF ARON D. ROBINSON
19 South LaSalle Street, Suite 1300
Chicago, Illinois 60603
adroblaw@aol.com

Scott R. Tack
ALLEN ALLEN & TACK
P.O. Box 1409

2814586

210 Chickasha Avenue
Chickasha, Oklahoma 73023

Lance A. Hark, P.A.
Sara Clasby Engel, P.A.
HARKE & CLASBY LLP
155 South Miami Avenue, Suite 600
Miami, Florida 33130
**Counsel for Plaintiff: Robyn Williams**, N.D. Illinois, No. 07CV6387

Ralph K. Phalen
RALPH K. PHALEN ATTY. AT LAW
1000 Broadway, Suite 400
Kansas City, Missouri 64105
phalenlaw@comcast.net

David Spencer
MCGONAGLE SPENCER, P.C.
105 East 5th Street, Suite 302
Kansas City, Missouri 64106
mcspen@yahoo.com

Ben Barnow
BARNOW AND ASSOCIATES, P.C.
One North La Salle Street, Suite 4600
Chicago, Illinois 60602
b.barnow@barnowlaw.com
**Counsel for Plaintiff: Michael J. Burgess**, W.D. Missouri, No. 3:07-cv-05110

Keith E. Patton
SCHMIDT & CLARK
2911 Turtle Creek Boulevard, Suite 1400
Dallas, Texas 75219

William N. Riley
Christopher A. Moeller
Joseph N. Williams
PRICE WAICUKAUSKI & RILEY
301 Massachusetts Avenue
Indianapolis, Indiana 46204
**Counsel for Plaintiff: Eric K. Botsch**, N.D. Texas, 07 CV 1948

2814586

Counsel for Defendants Spin Master, Ltd.
and Spin Master, Inc.

2814586

**Judicial Panel on Multidistrict Litigation - Panel Attorney Service List**

Docket:  1940 - IN RE: Aqua Dots Products Liability Litigation

Status:  Pending on  / /

Transferee District:        Judge:

Printed on 02/05/2008

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|

**Barnow, Ben**
BARNOW & ASSOCIATES PC
One North LaSalle Street
Suite 4600
Chicago, IL 60602-4606

=>**Phone: (312) 621-2000  Fax: (312) 641-5504  Email: b.barnow@barnowlaw.com**
  Williams, Robyn*

**Bartos, Mila F.**
FINKELSTEIN THOMPSON LLP
1050 30th Street, N.W.
Washington, DC 20007

=>**Phone: (202) 337-8000  Fax: (202) 337-8090  Email: mbartos@finkelsteinthompson.com**
  Soderstedt, Sandra Irene*

**Geller, Paul J.**
COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
120 East Palmetto Park Road
Suite 500
Boca Raton, FL 33432

=>**Phone: (561) 750-3000  Fax: (561) 750-3364  Email: PGeller@csgrr.com**
  Bertanowski, Sara; Bertanowski, Simon; White (Father-Samuel M.), Anthony B.

**Gilreath, Dana M.**
CLINTON & CLINTON
100 Oceangate
14th Floor
Long Beach, CA 90802

=>**Phone: (562) 215-5000  Fax: (562) 216-5001  Email: dgilreath@clinton-clinton.com**
  Moose Enterprise Pty Ltd.*

**King, Laurence D.**
KAPLAN FOX & KILSHEIMER LLP
350 Sansome Street
Suite 400
San Francisco, CA 94104

=>**Phone: (415) 772-4700  Fax: (415) 772-4707  Email: LKing@kaplanfox.com**
  Cosgrove, Kim A.*

**Phalen, Ralph K.**
1000 Broadway
Suite 400
Kansas City, MO 64105

=>**Phone: (816) 589-0753  Fax: (816) 471-1701  Email: phalenlaw@comcast.net**
  Burgess, Michael J.*

**Riley, William N.**
PRICE WAICUKAUSKI & RILEY LLC
The Hammond Block Building
301 Massachusetts Avenue
Indianapolis, IN 46204

=>**Phone: (317) 633-8787  Fax: (317) 633-8797  Email: wriley@price-law.com**
  Botsch, Eric K.*

**Sherk, John K.**
SHOOK HARDY & BACON LLP
2555 Grand Blvd.
Kansas City, MO 64108-2613

=>**Phone: (816) 474-6550  Fax: (816) 421-5547  Email: jsherk@shb.com**
  Spin Master, Inc.*; Spin Master, Ltd.*; Target Corp.*

**Streett, James Alex**
STREETT LAW FIRM PA
107 West Main Street
Russellville, AR 72801

=>**Phone: (479) 968-2030  Fax: (479) 968-6253  Email: james@streettlaw.com**
  Erbach, Jr., Donald C.*; Streett, Stephanie S.*

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

|  |  |  |
|---|---|---|
| In Re: Aqua Dots Litigation | : | MDL Docket No. _____ |
|  | : |  |

## MOVING DEFENDANTS' MOTION FOR CONSOLIDATION AND TRANSFER FOR PRETRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407

Spin Master, Ltd. and its wholly-owned subsidiary, Spin Master, Inc., (collectively, "Moving Defendants") herein move pursuant to 28 U.S.C. § 1407 for the transfer and consolidation for pretrial proceedings of seven related putative class actions set forth in the Schedule of Actions, as further set forth in the contemporaneously-filed Brief in Support.

WHEREFORE, Moving Defendants respectfully request that this Panel issue an Order transferring the seven actions named in the Schedule of Actions and the Brief in Support pursuant to 28 U.S.C. § 1407 for coordination and consolidation of pretrial proceedings either to Judge Coar of the Northern District of Illinois or to Judge Holmes of the Eastern District of Arkansas, and for such other relief as the Court deems just and equitable.

EXHIBIT

B

2763265v1

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

BY: _Laurel J Harbour_

    John K. Sherk, MO #35963
    Laurel J. Harbour, MO #25995
    Andrew D. Carpenter, MO #47454

2555 Grand Blvd.
Kansas City, Missouri 64108-2613
Telephone (816) 474-6550
Facsimile (816) 421-5547
jsherk@shb.com
lharbour@shb.com
acarpenter@shb.com

Ronald Y. Rothstein, IL #06225965
Thomas J. Wiegand, IL #06193512
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
Telephone (312) 558-5947
Facsimile (312) 558-5700
rrothstein@winston.com
twiegand@winston.com

ATTORNEYS FOR MOVING DEFENDANTS
SPIN MASTER, LTD. AND SPIN MASTER,
INC. AND DEFENDANT TARGET
CORPORATION

2

2763265v1

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | : | |
|---|---|---|
| In Re: Aqua Dots Litigation | : | MDL Docket No. _____ |
| | : | |

## MOVING DEFENDANTS' BRIEF IN SUPPORT
## OF CONSOLIDATION AND TRANSFER FOR PRETRIAL PROCEEDINGS
## PURSUANT TO 28 U.S.C. § 1407

Spin Master, Ltd., a Canadian corporation, and its wholly-owned American subsidiary, Spin Master, Inc., (collectively, "Moving Defendants") submit this brief in support of transfer and consolidation for pretrial proceedings of seven related putative class actions:

- *Bertanowski et al. v. Moose Enterprise Pty Ltd., Spin Master, Ltd., Spin Master, Inc., and Target Corp.*, No. 07-22941, in the United States District Court for the Southern District of Florida;

- *Botsch v. Spin Master, Ltd. and Spin Master, Inc.*, No. 307-CV-1948-G, in the United States District Court for the Northern District of Texas;

- *Burgess v. Spin Master, Ltd.*, No. 07-5110-CV-SW-RED, in the United States District Court for the Western District of Missouri;

- *Cosgrove v. Spin Master, Ltd., Spin Master, Inc., and Moose Enterprises*, No. CV07-7544, in the United States District Court for the Central District of California;

- *Erbach, et al. v. Spin Master, Ltd. and Spin Master, Inc.*, No. 4-07-CV-01112, in the United States District Court for the Eastern District of Arkansas;

- *Soderstedt v. Moose Enterprise Pty Ltd., Spin Master, Ltd., Spin Master, Inc., and Does 1 through 10*, No. CV07-07546, in the United States District Court for the Central District of California; and

- *Williams v. Spin Master, Ltd.*, No. 07CV6387, in the United States District Court for the Northern District of Illinois.[1]

---

[1]    A full list of the parties in each case is contained in the Schedule of Actions, which is filed contemporaneously herewith.

2750860v4

Transfer and consolidation of these actions for pretrial proceedings, including dispositive motions, class action discovery, and class certification briefing and hearing, will further the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Such transfer and consolidation will also avoid the significant risk of inconsistent pretrial rulings, an important consideration when dealing with putative nationwide classes.

### INTRODUCTION

Moving Defendants are defendants in seven lawsuits filed in six federal jurisdictions: the United States District Courts for the Eastern District of Arkansas, the Central District of California, the Southern District of Florida, the Northern District of Illinois, the Western District of Missouri, and the Northern District of Texas.[2] The core factual allegations in these seven cases are similar, focusing on a line of toys called "Aqua Dots." Aqua Dots are craft kits that allow children to create various multi-dimensional designs using small colored beads that fuse together when sprayed with water. They were allegedly manufactured by a Chinese company represented by Moose Enterprise Pty Limited ("Moose"), an Australian entity, and distributed by Moving Defendants.[3] Unbeknownst to Moving Defendants, the Chinese manufacturer of Aqua Dots substituted 1,4-butanediol for 1,5-pentanediol in manufacturing the coating on Aqua Dots. In late October or early November 2007, the Consumer Product Safety Commission received reports that two children were hospitalized after ingesting Aqua Dots coated with 1,4-butanediol. Moving Defendants worked with the CPSC to voluntarily recall of all Aqua Dots products on November 7, 2007.

---

[2]     Spin Master, Ltd., the Canadian parent company located in Toronto, Ontario, is a defendant in all seven of the pending cases. Its wholly-owned U.S. subsidiary, Spin Master, Inc., is a defendant in five of the cases.

[3]     Moving Defendants do not know whether Moose, a defendant in three of the seven pending actions on opposite sides of the country, has been served. Moose has not entered an appearance in any of the cases. Moreover, the Chinese manufacturer is not currently a party to any of the cases.

The seven cases listed above each seek certification of a nationwide class action challenging the adequacy of the CPSC-Spin Master voluntary recall. The claims asserted in the various complaints include: consumer protection violations; unjust enrichment; implied warranty; negligence; strict liability; medical monitoring; and express warranty. One or both Moving Defendants are named in each of the seven cases.

For the reasons set forth below, Moving Defendants propose the consolidation of these seven actions for pretrial proceedings before either Judge David H. Coar of the Northern District of Illinois, who is currently presiding over the *Williams* Aqua Dots case, or Chief Judge J. Leon Holmes of the Eastern District of Arkansas, who is presiding over the *Erbach* Aqua Dots case.

## ARGUMENT

I.    **Consolidation and Transfer of These Related Actions For Pretrial Proceedings Will Further the Goals of Section 1407.**

The seven actions discussed above – all of which are premised on parallel factual allegations and seek similar relief – should be consolidated and coordinated for pretrial proceedings, including the determination of whether class certification is appropriate in this instance. Actions that involve common allegations of fact may be transferred and consolidated for pretrial proceedings under 28 U.S.C. § 1407 to "serve the convenience of parties and witnesses" and to "promote the just and efficient conduct of such actions." 28 U.S.C. § 1407. The purpose of the Judicial Panel on Multidistrict Litigation rules is to (1) eliminate duplicative discovery; (2) avoid conflicting rulings and schedules; (3) reduce litigation costs; and (4) conserve the time and effort of parties, attorneys, witnesses, and courts. See Manual for Complex Litigation (Fourth) at § 20.131 (2004), citing *In re Plumbing Fixture Cases*, 298 F. Supp. 484 (J.P.M.L. 1968), and *In re Pfizer Inc. Sec., Derivative & ERISA Litig.*, 374 F. Supp. 2d

3

1348 (J.P.M.L. 2005).  Without consolidation for pretrial proceedings, the objectives and advantages of MDL rules will be defeated.

While Section 1407 does not require a "complete identity or even a majority" of common issues for transfer to be appropriate, *In re Zyprexa Prods. Liab. Litig.*, 314 F. Supp. 2d 1380, 1381 (J.P.M.L. 2004), there is substantial overlap in the allegations and legal theories here. Factually, each Plaintiff generally alleges that Aqua Dots were defectively designed and/or manufactured in China; that Aqua Dots were improperly coated with 1,4-butanediol; that children were exposed to a hazardous substance and are at an increased risk of becoming ill; that a voluntary recall was issued on November 7, 2007; and that Moving Defendants have not offered an adequate remedy to customers returning Aqua Dots.

Transfer and consolidation for pretrial proceedings will streamline the discovery process in these cases by avoiding substantial duplication.  It is almost certain that the parties will seek many of the same documents and information in each of the seven actions, and consolidation for pretrial proceedings will serve the parties' and witnesses' convenience by eliminating duplicative discovery requests and depositions and by facilitating the resolution of discovery disputes. *See In re McDonalds' French Fries Litig.*, 444 F. Supp. 2d 1342, 1343 (J.P.M.L. 2006) ("Centralization under Section 1407 is necessary . . . to eliminate duplicative discovery . . . .").  Further, factual discovery of entities in China and Australia will be difficult enough in one case and should be avoided in multiple cases simultaneously.

The complaints also substantially overlap in terms of legal issues.  All Plaintiffs have asserted claims sounding in both contract (every one claims breach of warranty) and in tort (including claims in six of the seven cases for violations of the several states' consumer protection acts and for unjust enrichment).  All of the complaints face several similar legal Rule

4

12 challenges, such as the problem that no Plaintiff can show damages because they could choose either replacement product or a full refund of the purchase price. Consolidation for pretrial proceedings is necessary to avoid inconsistent rulings on these types of pretrial matters. *See In re Maytag Corp. Neptune Washer Prods. Liab. Litig.*, 333 F. Supp. 2d 1382, 1383 (J.P.M.L. 2004) (recognizing that centralization was appropriate in order to prevent inconsistent pretrial rulings, especially with respect to jurisdictional matters); *see also In re Puerto Rico Air Disaster Litig.*, 340 F. Supp. 492 (D.P.R. 1972) (dismissal of certain cases by transferee court for lack of personal jurisdiction); *In re TMJ Implants Prods. Liab. Litig.*, 872 F. Supp. 1019 (D. Minn. 1995), *aff'd*, 97 F.3d 1050 (8th Cir. 1996) (granting of partial summary judgment by transferee court). The consolidation of these cases before a single judge for pretrial proceedings will conserve judicial resources by allowing a single judge to focus on the factual intricacies of these cases.

Every one of the seven cases also seeks to be declared a nationwide class action, itself a complicated legal question. Individual district court decision-making in the related actions will create the very real risk of inconsistent or conflicting class certification determinations. This Panel has expressly recognized the "difficulty of class certification decisions" and the importance of pretrial coordination and consolidation before a single judge in order to avoid duplicative and inconsistent class certification rulings. *See In re Cuisinart Food Processor Antitrust Litig.*, 506 F. Supp. 651, 655 (J.P.M.L. 1981); *see also In re Pfizer Inc. Sec., Derivative & "ERISA" Litig.*, 374 F. Supp. 2d 1348, 1349 (J.P.M.L. 2005) (holding centralization "[n]ecessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to questions of class certification; and conserve the resources of the parties, their counsel and the judiciary"). In consolidated litigation, the

5

transferee court is authorized to decide all class certification issues. *See In re Piper Aircraft Distrib. Sys. Antitrust Litig.*, 405 F. Supp. 1402, 1403-04 (J.P.M.L. 1975) ("As the Panel has held in several past litigations, matters concerning class action certification should be included in the coordinated or consolidated pretrial proceedings in order to prevent inconsistent rulings and promote judicial efficiency.").

## II.   The Northern District of Illinois and the Eastern District of Arkansas Are Appropriate Transferee Courts for the Aqua Dots Litigation.

The central factors to be considered by this Panel in making the determination of the appropriate forum are:

(1)   the location of the parties, witnesses, and documents;

(2)   the accessibility of the proposed transferee district to parties and witnesses; and

(3)   the respective caseloads of the proposed transferee district courts.

*See In re Corn Derivatives Antitrust Litig.*, 486 F. Supp. 929, 931-32 (J.P.M.L. 1980). Here, the "center of gravity" of the litigation and the dockets of the courts in which these cases are pending support the Northern District of Illinois and the Eastern District of Arkansas as favorable transferee courts for these cases.

### A.   The Northern District Of Illinois Is An Appropriate Transferee Court for This Litigation.

#### 1.   A Material Number of the Parties and Witnesses Are Located In or Near the Northern District of Illinois

The seven Aqua Dots cases are concentrated predominantly in the Central Time Zone. One of the seven pending cases was filed in Illinois;[4] one in Missouri; one in Arkansas; and one in Texas. The other three cases are filed in two outlying jurisdictions: the Central

---

[4]   The class representative in the Illinois-based case is an Oklahoman, further underscoring the Midwestern emphasis in the pending Aqua Dots cases.

6

District of California[5] and the Southern District of Florida. Thus, the primary witnesses in these cases – the putative class representatives – and their evidence are not concentrated in a single jurisdiction, and the Northern District of Illinois is reasonably central for them.

However, Moving Defendant Spin Master, Ltd., is a Canadian company and the parent company of the other Moving Defendant, Spin Master, Inc. Its offices are located in Toronto, Ontario, and most of its witnesses and documents are located there. The Northern District of Illinois is the jurisdiction most geographically proximate to these witnesses and documents.

       2.    The Northern District of Illinois Is Readily Accessible to Parties, Witnesses, and Counsel.

Although this litigation is only in its infancy, it already involves parties, witnesses, and counsel scattered across the United States and in Ontario, Canada. In litigation such as this, there are tangible benefits to consolidation in a centralized district with frequent commercial airline flights.

The Northern District of Illinois is the most convenient option of the six districts where theses cases are pending, and it is easily accessible to the parties and witnesses. The Chicago airports offer the full service of virtually every major domestic air carrier, with non-stop service available to most major metropolitan areas in the United States. It is also the most convenient location for Moving Defendant Spin Master, Ltd. In fact, this Panel has previously recognized the advantage of consolidating national litigation in the geographically-centralized and easily accessible Northern District of Illinois. *See In re McDonalds' French Fries Litig.,* 444 F. Supp. 2d 1342, 1343 (J.P.M.L. 2006) ("[G]iven the geographic dispersal of the

---

[5]    The sole named plaintiff in the *Cosgrove* California case is a New York resident.

constituent actions, the Northern District of Illinois offers a relatively geographically central and accessible forum for this litigation.").

> 3.    Judge David H. Coar of the Northern District of Illinois Is Qualified to Oversee This Litigation.

The complexity of these issues favors consolidation for pretrial proceedings before a single district judge capable of devoting the judicial resources necessary to develop, understand, and manage these issues during the course of the litigation. *See In re Paxil*, 296 F. Supp. 2d at 1375 (transferring complex products liability litigation to "a seasoned jurist in a district with the time and capacity to handle" the litigation).[6]    Judge David H. Coar of the Northern District of Illinois is exactly this type of judge.   He was appointed to the federal bench in 1994 and has a wealth of experience overseeing complex civil litigation.   Indeed, by Moving Defendants' count, he has decided class certification in more than two dozen cases.   Judge Coar also offers previous experience as an MDL judge: he currently presides over two sets of cases consolidated by the JPML. *See, e.g., In re Sulfuric Acid Antitrust Litig.*, 2007 WL 898600 (N.D. Ill. Mar. 21, 2007), and *In re JP Morgan Chase & Co. Sec. Litig.*, 452 F. Supp. 2d 1350 (J.P.M.L. 2006).   His current caseload of approximately 533 open cases is manageable when compared to the other district judges presiding over Aqua Dots cases.[7]

---

[6]    *See also, e.g., In re. Bextra and Celebrex Prods. Liab. Litig.*, 2005 WL 2206577 at *2 (transferring complex products liability litigation to "a jurist experienced in complex multidistrict litigation and sitting in a district with the capacity to handle this litigation"); *In re Vioxx*, 360 F. Supp. 2d at 1354 (same); *In re Silica Prods. Liab. Litig.*, 280 F. Supp. 2d at 1383 (transferring complex products liability litigation to "an experienced transferee judge for multidistrict litigation . . . with a relatively low caseload").

[7]    By Moving Defendants' count, Judge Jordan (*Bertanowski*, in S.D. Fla.) presides over approximately 676 open cases; Judge Fish (*Botsch*, in N.D. Texas) has approximately 542 open cases; Judge Dorr (*Burgess*, in W.D. Mo.) has approximately 590 open cases; Judge Morrow (*Cosgrove*, in C.D. Cal.) has approximately 840 open cases on her docket; Judge Holmes (*Erbach*, in E.D. Ark., discussed *infra*), presides over approximately 474 open cases; and Judge Anderson (*Sodersted*, in C.D. Cal.) has approximately 675 open cases.

8

**B.**    **The Eastern District of Arkansas Is Also an Appropriate Transferee Court for This Litigation.**

1.    Chief Judge J. Leon Holmes of the Eastern District of Arkansas Is Qualified and Available To Oversee This Litigation.

As noted above, this litigation presents the type of complex product liability class action claims that call for a judge capable of devoting the time and resources required to manage it. Chief Judge J. Leon Holmes of the Eastern District of Arkansas is well-qualified to handle such litigation. Appointed to the federal bench in 2004, Judge Holmes has demonstrated legal knowledge, skills and abilities in numerous cases and is highly regarded by members of the Arkansas bar. Moreover, Judge Holmes appears to have the space on his docket to handle this MDL. His current caseload consists of approximately 474 civil cases, which appears particularly manageable when compared to the civil caseload borne by his brethren overseeing Aqua Dots cases in other districts. (*See supra.*)

2.    A Material Number of the Parties and Witnesses Are Located In or Near the Eastern District of Arkansas

Arkansas is the center of gravity for the named plaintiffs. One of the named plaintiffs is an Arkansas resident, and three others reside in the neighboring states of Missouri, Texas, and Oklahoma. One action was filed in Arkansas; two were filed in neighboring states; and a fourth, in Illinois, was filed in a two-state radius. In addition, from a geographic standpoint, the Eastern District of Arkansas is central. In fact, this Panel has previously noted the Eastern District of Arkansas' geographically central location. *See In re Prempro Prods. Liab. Litig.*, 254 F. Supp. 2d 1366, 1368 (J.P.M.L. 2003) ("Given the range of locations of parties and witnesses in this docket and the geographic dispersal of current and anticipated constituent actions, it is clear that a wide array of suitable transferee districts presents itself. In concluding that the Eastern District of Arkansas is an appropriate forum for this docket, we note

9

that the Arkansas district, where one constituent action is already pending, is a geographically central district equipped with the resources that this complex docket is likely to require.").

          3.    <u>The Eastern District of Arkansas Is Readily Accessible to Parties, Witnesses, and Counsel.</u>

As noted above, the parties, witnesses, and attorneys involved in these cases are scattered across the United States and in Toronto, Ontario, Canada. Little Rock, the capital of Arkansas, enjoys the full service of virtually every major domestic air carrier, with non-stop service available to many major metropolitan areas, including New York, Chicago, Atlanta, Dallas, Houston, Denver, Memphis, Kansas City, Minneapolis, and Washington, D.C.[8] *See In re Prempro Prods. Liab. Litig.*, 254 F. Supp. 2d 1366, 1368 (J.P.M.L. 2003). On the other hand, this district is less convenient for Toronto-based Moving Defendant Spin Master, Ltd.

          4.    <u>The Eastern District of Arkansas Is Well-Equipped to Accept Transfer.</u>

The Eastern District of Arkansas has just opened a $65 million annex to its federal courthouse. Thanks in no small part to this addition, the Eastern District's Richard Sheppard Arnold courthouse is a state-of-the-art facility that is perfectly suited for complex litigation such as this, with a dozen flat-screen monitors in the courtrooms and the litigation technology to match. Indeed, even before the renovation, this Panel recognized the capability of the Eastern District of Arkansas to oversee complex consolidated litigation. *See In re Prempro Prods. Liab. Litig.*, 254 F. Supp. 2d 1366, 1368 (J.P.M.L. 2003).

## <u>CONCLUSION</u>

Because the named plaintiffs and defendants in these cases are not centralized in any one particular jurisdiction, Moving Defendants suggest two options for the consolidation and

---

[8] *See* Little Rock National Airport Airline Information, available at http://www.lrn-airport.com/airlines/nonstop_service.asp (citing cities served by non-stop flights out of Little Rock).

10

2750860v4

coordination of the pretrial proceedings of these seven cases. Judge Holmes' state-of-the-art courtroom in the Eastern District of Arkansas is geographically central for four of the seven named plaintiffs, who reside either in Arkansas or in an adjacent state. On the other hand, Judge Coar's Chicago courtroom in the Northern District of Illinois is also centrally located and is closest to Canadian Moving Defendant Spin Master, Ltd. These two judges have the lightest current caseloads of the seven judges to whom these cases have been assigned, both are recognized for their legal abilities and case management skills, and either would be a fine judge to oversee the Aqua Dots litigation.

For the foregoing reasons, Moving Defendants respectfully request that this Panel issue an Order transferring these actions pursuant to 28 U.S.C. § 1407 for pretrial coordination and consolidation for pretrial proceedings either to Judge Coar of the Northern District of Illinois or to Judge Holmes of the Eastern District of Arkansas.

11

2750860v4

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

BY ~~Laurel J Harbour~~

    John K. Sherk, MO #35963
    Laurel J. Harbour, MO #25995
    Andrew D. Carpenter, MO #47454

2555 Grand Blvd.
Kansas City, Missouri 64108-2613
Telephone (816) 474-6550
Facsimile (816) 421-5547
jsherk@shb.com
lharbour@shb.com
acarpenter@shb.com

Ronald Y. Rothstein, IL #06225965
Thomas J. Wiegand, IL #06193512
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
Telephone (312) 558-5947
Facsimile (312) 558-5700
rrothstein@winston.com
twiegand@winston.com

ATTORNEYS FOR MOVING DEFENDANTS
SPIN MASTER, LTD. AND SPIN MASTER,
INC. AND DEFENDANT TARGET
CORPORATION

2750860v4

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | : | |
|---|---|---|
| In Re: Aqua Dots Litigation | : | MDL Docket No. _____ |
| | : | |

## SCHEDULE OF ACTIONS

| Case Caption | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiffs:** Donald C. Erbach, Jr.; Stephanie S. Streett **Defendants:** Spin Master, Ltd.; Spin Master, Inc. | E.D. Arkansas (Western Division) | 4-07-CV-01112 | J. Leon Holmes |
| **Plaintiff:** Sandra I. Soderstedt **Defendants:** Moose Enterprise Pty Ltd.; Spin Master, Ltd.; Spin Master, Inc.; Does 1 through 10 | C.D. California | CV07-07546 | Percy Anderson |
| **Plaintiffs:** Kim A. Cosgrove **Defendants:** Spin Master, Ltd.; Spin Master, Inc.; Moose Enterprises | C.D. California | CV07-07544 | Margaret Morrow |
| **Plaintiffs:** Simon Bertanowski; Sara Bertanowski; Anthony B. White **Defendants:** Moose Enterprise Pty Ltd.; Spin Master, Ltd.; Spin Master, Inc.; Target Corp. | S.D. Florida | 07-22941 | Adalberto Jordan |
| **Plaintiffs:** Robyn Williams **Defendants:** Spin Master, Ltd. | N.D. Illinois | 07CV6387 | David H. Coar |
| **Plaintiffs:** Michael J. Burgess **Defendants:** Spin Master, Ltd. | W.D. Missouri (Central Division) | 3:07-cv-05110 | Richard E. Dorr |
| **Plaintiffs:** Eric K. Botsch **Defendants:** Spin Master, Ltd.; Spin Master, Inc. | N.D. Texas (Dallas Division) | 07 CV 1948 | A. Joe Fish |

A courtesy copy of the complaints in each of these cases is attached hereto.

2764392v1

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

BY _Laurel J Harbour_

John K. Sherk, MO #35963
Laurel J. Harbour, MO #25995
Andrew D. Carpenter, MO #47454

2555 Grand Blvd.
Kansas City, Missouri 64108-2613
Telephone (816) 474-6550
Facsimile (816) 421-5547
jsherk@shb.com
lharbour@shb.com
acarpenter@shb.com

Ronald Y. Rothstein, IL #06225965
Thomas J. Wiegand, IL #06193512
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
Telephone (312) 558-5947
Facsimile (312) 558-5700
rrothstein@winston.com
twiegand@winston.com

ATTORNEYS FOR MOVING DEFENDANTS
SPIN MASTER, LTD. AND SPIN MASTER,
INC. AND DEFENDANT TARGET
CORPORATION

2

2764392v1

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

In Re: Aqua Dots Litigation    :    MDL Docket No. _____

        :

### CERTIFICATE OF SERVICE

I hereby certify that a hard copy of Moving Defendants' Motion for Consolidation and Transfer for Pretrial Proceedings Pursuant to 28 U.S.C. § 1407, Brief in Support, Schedule of Actions, and this Certificate of Service was served by First Class Mail on January 22, 2008, to the following:

Alex G. Streett
James A. Streett
STREETT LAW FIRM, P.A.
107 West Main
Russellville, Arkansas 72811

**Counsel for Plaintiffs: Donald C. Erbach, Jr., et al.**, E.D. Arkansas, No. 4-07-CV-01112

Rosemary M. Rivas
FINKELSTEIN THOMPSON LLP
100 Bush Street, Suite 1450
San Francisco, California 94101

Mila F. Bartos
Tracy Rezvani
Karen J. Marcus
Rosalee B. Connell
FINKELSTEIN THOMPSON LLP
1050 30th Street NW
Washington, DC 20007

**Counsel for Plaintiff: Sandra I. Soderstedt**, C.D. California, No. CV07-07546

Laurence D. King
Linda M. Fong
KAPLAN FOX & KILSHEIMER LLP
350 Sansome Street, Suite 400
San Francisco, California 94104

1

2764521v1

Lori S. Brody
KAPLAN FOX & KILSHEIMER LLP
1801 Century Park East, Suite 1460
Los Angeles, California 90067

Frederic S. Fox
Donald R. Hall
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue, 14th Floor
New York, New York 10022

Elizabeth A. Fegan
HAGENS BERMAN SOBOL SHAPIRO LLP
820 North Boulevard, Suite B
Oak Park, Illinois 60301

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, Washington 98101

**Counsel for Plaintiff: Kim A. Cosgrove**, C.D. California, No. CV07-07544

Paul J. Geller
Jack Reise
Stuart A. Davidson
James L. Davidson
Elizabeth A. Shonson
COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
120 E. Palmetto Park Road, Suite 500
Boca Raton, Florida 33432-4809

John J. Stoia, Jr.
Rachel L. Jensen
COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, California 92101

Adam Balkan
John Patterson
BALKAN & PATTERSON, LLP
601 South Federal Highway, Suite 302
Boca Raton, Florida 33432

**Counsel for Plaintiffs: Simon Bertanowski, et al.**, S.D. Florida, No. 07-22941

2

Ben Barnow
Sharon Harris
Erich Schork
BARNOW AND ASSOCIATES, P.C.
One North La Salle Street, Suite 4600
Chicago, Illinois 60602

Aron D. Robinson
THE LAW OFFICE OF ARON D. ROBINSON
19 South LaSalle Street, Suite 1300
Chicago, Illinois 60603

Scott R. Tack
ALLEN ALLEN & TACK
P.O. Box 1409
210 Chickasha Avenue
Chickasha, Oklahoma 73023

Lance A. Hark, P.A.
Sara Clasby Engel, P.A.
HARKE & CLASBY LLP
155 South Miami Avenue, Suite 600
Miami, Florida 33130

**Counsel for Plaintiff: Robyn Williams**, N.D. Illinois, No. 07CV6387

Ralph K. Phalen
RALPH K. PHALEN ATTY. AT LAW
1000 Broadway, Suite 400
Kansas City, Missouri 64105

David Spencer
MCGONAGLE SPENCER, P.C.
105 East 5th Street, Suite 302
Kansas City, Missouri 64106

Ben Barnow
BARNOW AND ASSOCIATES, P.C.
One North La Salle Street, Suite 4600
Chicago, Illinois 60602

**Counsel for Plaintiff: Michael J. Burgess**, W.D. Missouri, No. 3:07-cv-05110

Keith E. Patton
SCHMIDT & CLARK

3

2911 Turtle Creek Boulevard, Suite 1400
Dallas, Texas 75219

William N. Riley
Christopher A. Moeller
Joseph N. Williams
PRICE WAICUKAUSKI & RILEY
301 Massachusetts Avenue
Indianapolis, Indiana 46204

**Counsel for Plaintiff: Eric K. Botsch**, N.D. Texas, 07 CV 1948

Moose Enterprises Pty Ltd.
7-13 Ardena Court
East Bentleigh
Melbourne VIC 3165
AUSTRALIA

**Defendant Moose Enterprises Pty Ltd.**

I further certify that a copy of the Motion for Consolidation and Transfer for Pretrial Proceedings Pursuant to 28 U.S.C. § 1407, Brief in Support, Schedule of Actions, and this Certificate of Service were filed by ECF on January 22, 2008, thereby notifying the above-named counsel and the following district courts in which the seven subject actions are pending:

Clerk, Eastern District of Arkansas

Clerk, Central District of California

Clerk, Southern District of Florida

Clerk, Northern District of Illinois

Clerk, Western District of Missouri

Clerk, Northern District of Texas

4

SHOOK, HARDY & BACON L.L.P.

BY: _Laurel J Harbour_

John K. Sherk, MO #35963
Laurel J. Harbour, MO #25995
Andrew D. Carpenter, MO #47454

2555 Grand Blvd.
Kansas City, Missouri 64108-2613
Telephone (816) 474-6550
Facsimile (816) 421-5547
jsherk@shb.com
lharbour@shb.com
acarpenter@shb.com

Ronald Y. Rothstein, IL #06225965
Thomas J. Wiegand, IL #06193512
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
Telephone (312) 558-5947
Facsimile (312) 558-5700
rrothstein@winston.com
twiegand@winston.com

ATTORNEYS FOR MOVING DEFENDANTS
SPIN MASTER, LTD. AND SPIN MASTER,
INC. AND DEFENDANT TARGET
CORPORATION

5

2764521v1